

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2007

# Lai v. Garrubbo Capece

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1529

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lai v. Garrubbo Capece" (2007). *2007 Decisions.* Paper 517.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/517

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-1529
_____

KATHERINE LAI,
                                        Appellant

v.

GARRUBBO, CAPECE, D'ARCANGELO, MILLMAN & SMITH, P.C.;
LAURIE ESTEVES; SHARP & BROWN LLP; JULIA KLUBENSPIES;
MCDONOUGH, KORN & EICHHORN
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03388)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
August 28, 2007
BEFORE: FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>

(Filed August 30, 2007)

_____

OPINION
_____

PER CURIAM.

Pro se Appellant Katherine Lai appeals from a District Court order

dismissing her complaint with prejudice pursuant to Federal Rule of Civil Procedure

1

12(b)(6), and denying her request for an entry of default against certain Defendants. We will affirm.

## I.

According to the complaint, Lai alleged that she received a burn in the shape of the letter "L" during a surgical procedure in 2003. Lai filed a state court complaint asserting, among other claims, sexual assault, harassment and medical malpractice against her doctor and nurse staff as well as the St. Barnabas Medical Center.

In July 2006, Lai filed the federal complaint giving rise to this appeal. In her complaint, Lai asserted claims against the attorneys and law firms that represented the defendants in the state court action. She asserted three claims in her complaint: (1) two claims pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a - 2000h; and (2) one claim pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 - 12213. The District Court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and denied her request for an entry of default. Next, the District Court denied Lai's timely motion for reconsideration on January 24, 2007, and again dismissed the complaint. Subsequently, Lai timely filed a notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review over the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is plenary. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the

pleader is entitled to relief.'"  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964

(2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In determining whether Lai

has stated a claim, we must accept her factual allegations as true and draw all reasonable

inferences from them in her favor.  See Alston v. Parker, 363 F.3d 229, 233 (3d Cir.

2004).

III.

For essentially the reasons given by the District Court, we agree with its

order dismissing the complaint and denying Lai's request for an entry of default.

Specifically, Lai's allegations that the Defendants violated the Civil Rights Act of 1964

and the ADA during the defense of their clients in the state court proceedings failed to

state a claim under either of these statutes.  Additionally, no default was ever entered by

the clerk, see Fed. R. Civ. P. 55(a), and we note that default judgments are disfavored as

decisions on the merits are encouraged.  See Harad v. Aetna Cas. & Sur. Co., 839 F.2d

979, 982 (3d Cir. 1988).  The judgment of the District Court will be affirmed.